COYNE, Respondent, v. UNITED RAILWAYS COMPANY of St. Louis, Appellant.

**St. Louis Court of Appeals, November 27, 1906.**

**CARRIERS OF PASSENGERS: Negligence: Pleading: Variance.** In an action for damages on account of personal injuries received by plaintiff while a passenger on the defendant's street car, where the petition alleged that the injury was caused by the negligence of the defendant's servants in charge of the car upon which plaintiff was a passenger, the allegation was not supported by proof that the accident in which the injury was received was caused by the negligence of a crew upon a derailed car in front of the one upon which the palintiff was a passenger, in their endeavor to put it on the track.

Appeal from St. Louis City Circuit Court.—*Hon. Wm. Kinsey,* Judge.

REVERSED AND REMANDED.

*Boyle & Priest* and *Edward T. Miller* for appellant.

*A. R. Taylor* and *Howard Taylor* for respondent.

Where injury happens to a passenger, by any unusual action of the carrier's vehicles, such as a derailment, collision, breaking or giving way of any part of the vehicle causing violent and unusual shocks, or jolts, explosions—in fact, anything which does not happen in the usual conduct of the carrier; in such case, a prima facie case of liability, in favor of the passenger, is made; and the proof of this fact alone makes the carrier liable, unless he can satisfy the jury by evidence that such disorder of the vehicle occurred; notwithstanding the carrier had exercised the highest practical care, such as would be exercised by a very careful and skillful carrier of passengers. This is an old principle of the law of passenger and carrier, affirmed in the Supreme Court of the United States in States v. Sallonshall, 13 Peters 193; and has been generally followed in the courts of all the States; and is very consistently followed in the State of Missouri. Lenon v. Chanslor, 68 Mo. 356; Hipsley v. Railroad, 88 Mo. 353. This case holding on a long list of authorities that where a prima facie case is made in behalf of the passenger, the question made on the evidence for the defense and its credibility is one of fact for the jury. Dougherty v. Railroad, 81 Mo. 329, 97 Mo. 654; Furnush v. Railroad, 102 Mo. 453; Clark v. Railroad. 127 Mo. 210; Boock on Street Railway Law, sec. 361; Meier v. Railroad, 64 Penn. St. 225; Coudy v. Railroad, 85 Mo. 85; Olsen v. Railroad, 152 Mo. 432. The same principle is adhered to in the case of Hyde v. Railroad, 102 Mo. App. 541.

GOODE, J.—Action for damages for personal injuries. The petition charged that while plaintiff was a passenger on one of defendant's cars on Sixth street and near Wash street in the city of St. Louis, defendant's servants in charge of said car and appliances for operating the same, so negligently managed and controlled said

car and appliances as to cause *said car to sustain violent and unusual lurches and shocks, and* the plaintiff to sustain a violent and unusual shock from said car and from the electricity, its motive power, whereby she was greatly injured upon her spine, body and limbs, and was permanently shocked and injured in her nervous system and injured internally; that by said injuries so sustained, plaintiff had suffered and would suffer great pain of body and mind; had been disabled from her labor and avocation, and would incur large expenses for medicines, medical attention and surgical attention and nursing, to her damage in the sum of ten thousand dollars, for which she prayed damages. As originally filed the petition did not contain the words in italics. These were inserted by way of amendment after plaintiff's evidence had been received. The amendment was permitted over the objection of defendant's counsel, who insisted it presented an entirely new issue which they were unprepared to meet. The evidence for plaintiff showed that on the evening of December 5, 1904, she took passage on a car of defendant's Spring avenue line at the corner of Sixth and Locust streets, her destination being the intersection of Dayton and Leffingwell streets. The route of the car was north on Sixth street to Wash and thence west on Wash. The car proceeded northwardly along Sixth street until it was within a hundred feet of Wash, where it was stopped because of a blockade of cars at the interesection of Sixth and Wash streets. Southbound cars on Sixth street, as well as north bound cars, turn into Wash street; hence there is a "Y" at Wash and Sixth formed by curved tracks intended to carry cars from Sixth into Wash. This diagram shows the position of the tracks:

The blockade of cars was caused by a northbound car on Sixth street getting off the track as it turned into Wash after it had proceeded far enough along the curve into Wash to interfere with other cars in turning into Wash street from either track on Sixth street. That is to say, the car which had got off the south "Y" interfered with both the north and southbound cars on Sixth, but with the former only in turning into Wash. The car plaintiff was on was, as stated, about one hundred feet south of Wash street and there were several other cars ahead of it on the same track. The first one was five or six feet from the car on the south "Y" and off the track. In order to get that car on the track, a chain was attached to the front of the first northbound car ahead of the car plaintiff was on and the other end of the chain was attached to the second wheel of the car that was off the track. The northbound car then attempted to pull the derailed car onto the track by this chain. In the attempt the chain scraped the fuse box of the derailed car and the consequence was an enormous outburst of electric fire, illuminating the street for two or three blocks and surrounding and flashing through the blockaded cars to the terror and consternation of the passengers. Most of the passengers in the car with plaintiff jumped off, either through the windows or at the doors. According to the testimony for plaintiff two or three violent lurches of the car accompanied the outburst of electricity, throwing her forward and then backward as she was in the act of rising from her seat and severely injuring her. The instructions for plaintiff told the jury, in effect, that if they found she was a passenger on the car and sustained violent lurches and shocks from electric discharges, causing injuries to her, and further found *defendant's servants in charge of said car and appliances* (our italics) could, by very high care, such as is exercised by skillful street railway employees under similar circumstances, have prevented the shocks to said

car, but failed and neglected to do so, plaintiff was entitled to recover. In view of the allegations in the petition that the accident was due to negligence of the servants in charge of the car plaintiff was on, and the appliances for operating it, defendant's counsel contended at the trial no case was made out unless the jury found from the evidence the accident was in truth due to the negligence of said employees. The court adopted that view in some of the instructions. On the authority of Malloy v. Railroad, 173 Mo. 75, 73 S. W. 159, and Hennessy v. Railroad, Id., 86, 73 S. W. 162, wherein the petitions are like the one in this case, we would be bound to hold that, though plaintiff's petition appears definitely to limit the charge of negligence to the crew in charge of the car plaintiff was on, the allegations are broad enough to include any other servant of the defendant "who was in any way directly charged with the running of the car;" and the court would have been right in so instructing as, in substance was done in one charge, had the requisite evidence been presented. The opinion in the Malloy case points out that a train dispatcher charged with the running of a train, though not on or near it, would be included by an averment that a railway company's servants in charge of its cars negligently caused a collision. But in the present case the evidence shows without conflict the accident was caused by employees who were not in charge of the car on which plaintiff was a passenger and had nothing to do directly with its operation, or indirectly from being engaged in the general operation of defendant's system. The crew of that car were doing nothing at the time. The outbreak of electric force was caused, as we have said by the contact of the chain used to pull the derailed car on the track, with the fuse box. The men or servants who were doing the work were the crews of the derailed car and of the one which was endeavoring to pull it back on the track. Those car crews had no connection with

the car plaintiff was on, or with operating the car or its appliances. No doubt defendant may be liable to plaintiff for their negligence, but it is not liable under the allegations of the present petition.

The judgment is reversed and the cause remanded, with leave to defendant to amend if so advised. All concur.